IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDAL-CHAILLE GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-00724-PRW |
| ) | |
| CREST DISCOUNT FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant has filed a Motion to Dismiss (Dkt. 11) the Plaintiff's Complaint (Dkt. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The Certificate of Service on Defendant's Motion to Dismiss (Dkt. 11) indicates that the motion was sent via certified mail to Plaintiff at the address Plaintiff provided on the Civil Cover Sheet (Dkt. 1-1), thereby demonstrating effective service pursuant to Rule 5(b)(2)(C). Although Plaintiff's response was due October 22, 2019,[1] Plaintiff has not responded. For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. 11).

### *Factual Background*

Plaintiff has filed a five-sentence Complaint (Dkt. 1), alleging that he was "wrongfully terminated" and including a request that he be made "eligible for rehire at

---

[1] LCvR 7.1(i).

1

Crest Discount Foods, Inc."[2] Although the Complaint doesn't say so, the Court infers that Plaintiff was formerly employed by Crest Foods, where he was allegedly "wrongfully terminated, bullied, targeted, . . . dealt with racism[,] . . . . [and] was intimidated by management" due to the fact that he "tried to report an injury [he] witnessed."[3] Plaintiff claims that he "ha[s] a respectful amount [of] evidence that will support [his] claims."[4] Although Plaintiff's Complaint (Dkt. 1) does not invoke any particular statutory basis for a claim, his Civil Cover Sheet (Dkt. 1-1) cites Title VII and describes his cause of action as "[b]ullying, [t]argeting, [i]ntimindating, [r]etaliating, [and r]acism."[5] Plaintiff prays that he be made "eligible for rehire," that he "[r]eceive missed wages," that his employment file be "cleared of false paperwork and statements," that the people who subjected him to retaliation be "responsibly disciplined," and that he "obtain company shares."[6]

### *Standards Governing Rule 12(b)(6) Motions to Dismiss*

Rule 8 of the Federal Rules of Civil Procedure provides that a plaintiff's complaint "must contain . . . a short and plain statement of the claim" to illustrate why "the pl[aintiff] is entitled to relief."[7] A complaint should "give the defendant fair notice of what the . . .

---

[2] Pl.'s Compl. (Dkt. 1) at 1.

[3] *Id.*

[4] *Id.*

[5] Civil Cover Sheet (Dkt. 1-1) Part VI, at 1.

[6] Pl.'s Compl. (Dkt. 1) at 1.

[7] Fed. R. Civ. P. 8(a)(2).

claim is and the grounds upon which it rests."[8] Pro se pleadings must be construed liberally,[9] but the Court will not assume the role of advocate.[10] Accordingly, the Court "will not supply additional facts, nor . . . construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[11] "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[12] When considering a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party.[13] However, not all factual allegations are entitled to the assumption of truth.[14] A formulaic recitation of the elements of a claim and other conclusory allegations need not be accepted as true.[15]

---

[8] *Erickson v. Padrus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Chandler v. Rodriguez*, 74 F. App'x 1, 3 (10th Cir. 2003); *Ciempa v. Jones*, 745 F. Supp. 2d 1171, 1187 (N.D. Okla. 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[10] *Chandler*, 74 F. App'x at 3 (citing *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998)); *Ciempa*, 745 F. Supp. 2d at 1187 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[11] *Peterson*, 149 F.3d at 1143 (quoting *Dunn v. White*, 880 F.2d 118, 1197 (10th Cir. 1989)).

[12] *Hall*, 935 F.2d at 1110.

[13] *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555); *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

[14] *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

[15] *Id.* at 681 (citing *Twombly*, 550 U.S. at 554–55); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Under Rule 12(b)(6), a defendant can move to dismiss a complaint for "failure to state a claim upon which relief can be granted."[16] To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."[17] To state a plausible claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18] Plaintiffs must allege sufficient fact to "nudge[] their claims across the line from conceivable to plausible."[19] The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[20] A complaint must contain "more than labels and conclusions[ or] a formulaic recitation of the elements of a cause of action."[21]

## *Analysis*

Construing the Complaint (Dkt. 1) liberally, this pro se Plaintiff has asserted claims for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. He alleges that he was "wrongfully terminated, bullied,

---

[16] Fed. R. Civ. P. 12(b)(6).

[17] *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678; *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *see also DeWalt v. City of Overland Park*, 794 F. App'x 804, 805 (10th Cir. 2020) (unpublished).

[18] *Twombly*, 550 U.S. at 555.

[19] *Id.* at 570; *Robbins*, 519 F.3d at 1247.

[20] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[21] *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

targeted, . . . dealt with racism[,] . . . . [and] was intimidated by management"[22]; and § 2000e-2 makes it unlawful "for an employer . . . *to discharge any individual, or otherwise to discriminate against any individual* with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race*, color, . . . or national origin."[23] Furthermore, Plaintiff alleges he was discriminated against because he "tried to report an injury [he] witnessed"[24]; and § 2000e-3 makes it "an unlawful employment practice for an employer *to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter*, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[25] Defendant also suggests that the Court could liberally construe Plaintiff's Complaint (Dkt. 1) to state a claim for race discrimination in violation of 42 U.S.C. § 1981, even though Plaintiff himself has identified only Title VII as a statutory basis for his claims. Section 1981 affords "[a]ll persons within the jurisdiction of the United States . . . the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."[26]

---

[22] Pl.'s Compl. (Dkt. 1) at 1.

[23] 42 U.S.C. § 2000e-2(a)(1) (2012) (emphasis added).

[24] Pl.'s Compl. (Dkt. 1) at 1.

[25] 42 U.S.C. § 2000e-3(a) (2012) (emphasis added).

[26] *Id.* § 1981 (emphasis added).

In its Motion to Dismiss (Dkt. 11), Defendant first argues that Plaintiff's Title VII claims should be dismissed "because the plaintiff identifies no facts that would indicate that he exhausted his administrative remedies and timely filed his lawsuit."[27] Defendant also argues that Plaintiff has failed to meet the pleading standards required to effectively state any claim upon which relief can be granted. Because the Court finds that Plaintiff fails to allege a plausible Title VII claim for discrimination, a plausible Title VII claim for retaliation, or a plausible § 1981 claim for discrimination, the Court addresses only Defendant's second argument.

To establish a prima facie case of discrimination under Title VII, Plaintiff must show "(1) that he is a member of a racial minority, (2) that he suffered an adverse employment action, and (3) that similarly situated employees were treated differently."[28] Although "[a] complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, . . . it must contain more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"[29] While the Tenth Circuit "do[es] not mandate the pleading of any specific facts in particular," it does require Plaintiff to "include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with

---

[27] Def.'s Mot. to Dismiss (Dkt. 11) at 3.

[28] *Trujillo v. Univ. of Colo. Health Scis. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[29] *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)).

something besides 'sheer speculation.'"[30] Plaintiff fails to allege that he is a member of any particular racial minority. Moreover, Plaintiff fails to allege that other employees were treated differently. His Complaint (Dkt. 1) only contains conclusory statements that he "dealt with racism" and was "bullied" and "targeted." These are unsupported assertions that leave Defendant without "fair notice of what the . . . claim is and the grounds upon which it rests."[31] Thus, Plaintiff fails to state a Title VII discrimination claim upon which relief can be granted.

To establish a prima facie case of Title VII retaliation, Plaintiff must show "(1) that []he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the [Defendant's] action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[32] Looking at the Complaint (Dkt. 1), Plaintiff fails to allege that he was engaged in protected opposition to discrimination. Instead, the Complaint (Dkt. 1) suggests that the "protected activity" was "report[ing] an injury [he] witnessed." Without further context, the Court finds that reporting another employee's injury is not equivalent to opposing discrimination based on "race, color, religion, sex, or national origin." Thus, Plaintiff fails to state a Title VII retaliation claim upon which relief can be granted.

---

[30] *Id.* at 1274–75 (quoting *Khalik*, 671 F.3d at 1194).

[31] *Erickson*, 551 U.S. at 93-94 (quoting *Twombly*, 550 U.S. at 555).

[32] *Bekkem*, 915 F.3d at 1271 (quoting *Khalik*, 671 F.3d at 1193); *see also Braxton v. Nortek Air Sols., LLC*, 769 F. App'x 600, 605–06 (10th Cir. 2019) ("For a retaliation claim under Title VII, an adverse employment action is something that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006))).

Lastly, Defendant is correct that Plaintiff may bring his racial discrimination and retaliation claim under 42 U.S.C. § 1981 against an employer,[33] as Title VII did not eliminate a complainant's right to sue for racial discrimination under § 1981.[34] Because a prima facie case of discrimination under § 1981 involves the same elements as a Title VII discrimination claim,[35] the Court concludes that Plaintiff's conclusory allegations fail to state a § 1981 discrimination claim upon which relief can be granted.

Consequently, the Court finds that Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. 11) should be granted. Nevertheless, the Court will afford Plaintiff an opportunity to bring his pleading into compliance with the pleading requirements by filing an amended complaint on or before Friday, October 16, 2020.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. 11) is **GRANTED**. Accordingly, Plaintiff is given leave to file an amended complaint by no later than October 16, 2020. Failure to amend will result in the dismissal of this case without further notice to Plaintiff.

---

[33] *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008); *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

[34] *See, e.g.*, *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459 (1975) (observing that the Senate expressly rejected an amendment to Title VII that would have repealed this right to sue under § 1981).

[35] *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 n.4 (10th Cir. 2000) (citing *Randall v. City of Aurora*, 69 F.3d 441, 450 (10th Cir. 1995); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991)).

**IT IS SO ORDERED this 6th day of October, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE